# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CODY WENDT,

                    Plaintiff,

v.

TRIFECTA SOLUTIONS LLC and
FRANK D. ALIOTO,

                    Defendants.

Case No. 23-CV-1415-JPS

**ORDER**

## 1.      PROCEDURAL BACKGROUND

Plaintiff Cody Wendt ("Plaintiff") sues Defendants Trifecta Solutions LLC ("Trifecta") and Frank D. Alioto ("Alioto" and with Trifecta, "Defendants"), alleging claims for unpaid minimum wages and overtime wages, as well as failure to pay agreed-upon wages, under the Fair Labor Standards Act (the "FLSA") and Wisconsin, Illinois, and Indiana law. ECF No. 1.

Plaintiff unsuccessfully attempted to personally serve Defendants at least 16 times and at five different addresses. ECF No. 16 at 1–2; ECF No. 22 at 1. Plaintiff then mailed waiver of service forms to Defendants at their last three known addresses, but all three were returned as undeliverable. ECF No. 16 at 2. Plaintiff's counsel also contacted Alioto's counsel of record in an unrelated state case to locate Alioto but did not receive a response. ECF No. 22 at 2. Accordingly, pursuant to Federal Rule of Civil Procedure 4(e)(1) and Wis. Stat. § 801.11, Defendants pursued service by publication. ECF No. 16 at 5; ECF No. 22 at 2; *see also* Feb. 5, 2024 Text Only Order. In accordance with Wis. Stat. §§ 801.11 and 985.02, Plaintiff published the publication

summons in three newspapers covering Defendants' last five known addresses. ECF No. 22 at 2 (citing ECF Nos. 19, 20). Plaintiff's counsel also mailed the complaint and summonses to each of these five last known addresses. *Id.* (citing Wis. Stat. § 801.11(1)(c)). Forty days after the first publication was April 1, 2024, which, under Wis. Stat. § 801.09(2)(b), was the date Defendants' answer or other response was due. *Id.* On April 4, 2024, having received no response to the complaint from Defendants, Plaintiff requested entry of default. *Id.* The Clerk of Court entered default on April 5, 2024.

Now before the Court is Plaintiff's motion for default judgment, together with a supporting brief and declaration. ECF Nos. 23, 24, 25. Plaintiff served the motion and all related papers on Defendants by mail, presumably at one of the last known addresses, ECF No. 26, but Defendants have not filed any response to the motion in the time allotted under the Local Rules, nor have they otherwise appeared to defend against this action. Civ. L.R. 7(b); Fed. R. Civ. P. 5(b) (explaining proper forms of service). The Court therefore treats the motion as unopposed. *See* Civ. L.R. 7(b), (d).

For the reasons set forth herein, the motion will be granted. Plaintiff has established Defendants' liability on all of his claims under the FLSA, Wisconsin law, and Illinois law.[1] Plaintiff has also demonstrated his entitlement to damages because the amount of his damages is either liquidated or ascertainable with certainty from his filings, including his

---

[1] Plaintiff does not move for default judgment on his claims under Indiana law. ECF Nos. 23, 24. As discussed below, Plaintiff's desired and awarded relief—so as to avoid a double recovery—lies under only Illinois law. Thus, with this Order and the judgment that follows, the Court will still dismiss this action even though it makes no findings of liability or otherwise as to Plaintiff's claims under Indiana law.

declarations. ECF No. 25. However, as noted *supra* note 1 and at Plaintiff's request, to prevent a double recovery, the Court will award Plaintiff damages under the statutory scheme that results in the highest recovery: here, Illinois law. ECF No. 24 at 14–15 (citing *Triblett v. Arora*, 23-CV-993-JPS, ECF No. 23 at 18–19 (E.D. Wis. Feb. 29, 2024); *Jones v. Bos-Star Inc.*, No. 1:19-CV-271-HAB, 2020 U.S. Dist. LEXIS 8354 (N.D. Ind. Jan. 17, 2020); and *Villanueva v. Falcon Constr. Co.*, No. 2:09-CV-107-PPS-PRC, 2010 WL 1577277, at *5 (N.D. Ind. Apr. 14, 2010)). Therefore, judgment by default will be entered in favor of Plaintiff and against Defendants, jointly and severally, in the amount of Plaintiff's maximum recovery under Illinois law. The Court also finds that Plaintiff is entitled to recover attorneys' fees and costs; he shall file his application for attorneys' fees and costs within twenty-one (21) days of the entry of this Order and the default judgment. *Id.* at 15 (requesting twenty-one days from entry of Order to file fee application).

## 2.    LEGAL STANDARD

Upon entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM Food Trading Int'l., Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). "Accepting those facts as true, a court must determine whether those facts establish that the plaintiff is entitled to the relief it seeks." *Cree, Inc. v. BHP Energy Mex. S. de R.L. de C.V.*, 335 F. Supp. 3d 1105, 1111 (E.D. Wis. 2018) (citing *VLM Food*, 811 F.3d at 255). If they do, the Court may, in its discretion, grant default judgment to the movant. *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (citing *Dundee Cement*, 722 F.2d at 1322).

Even if default judgment is granted, the movant nevertheless bears the responsibility to prove up its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry "to ascertain the amount of damages with reasonable certainty." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (internal bracketing omitted)). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement*, 722 F.2d at 1323).

### 3. FACTS IN THE COMPLAINT[2]

Plaintiff is an adult resident of Wisconsin. Alioto is also an adult resident of Wisconsin and the owner and registered agent of Trifecta, a limited liability company organized under the laws of Wisconsin. Trifecta operates a landscaping company doing business in Wisconsin, Illinois, and Indiana. Alioto has and continues to have control over the day-to-day operations of Trifecta, including the human resources and compensation aspects of Trifecta as they relate to Plaintiff. Alioto determined the rates and methods of compensation for Plaintiff, including that Plaintiff would not be

---

[2]The factual allegations in this Section are largely reproduced, with minor edits, from Plaintiff's complaint. ECF No. 1. Citations to the complaint are omitted for brevity. For instances where Plaintiff's declaration in support of the motion for default judgment, ECF No. 25, clarifies or adds to the facts pleaded in the complaint, citations to the declaration are included.

paid overtime premium compensation when Plaintiff worked more than 40 hours in a workweek.

Defendants employed Plaintiff from June 28, 2023 through August 21, 2023. Defendants agreed to pay Plaintiff an hourly rate of $30.00 per hour for landscaping duties performed for Defendants' customers in Wisconsin, Illinois, and Indiana. Plaintiff pleads that he was an employee and Defendants were employers as defined in the FLSA and under, as pertinent to this motion, Wisconsin and Illinois law. For multiple workweeks, Defendants failed to pay Plaintiff minimum wages, overtime wages, or agreed-upon wages as follows:

- During the workweek ending on July 2, 2023, Plaintiff worked 39.5 hours, earning $1,185.00 in wages. During this workweek, Defendants paid Plaintiff $0.00. Defendants failed to pay Plaintiff $1,185.00 during this workweek.

- During the workweek ending on July 9, 2023, Plaintiff worked 37.75 hours, earning $1,132.50 in wages. During this workweek, Defendants paid Plaintiff $0.00. Defendants failed to pay Plaintiff $1,132.50 during this workweek.

- During the workweek ending on July 16, 2023, Plaintiff worked 74.25 hours, 34.25 of which were overtime hours, earning $2,227.50 in wages, and an additional $513.75 in overtime premium compensation. During this workweek, Defendants paid Plaintiff $0.00. Defendants failed to pay Plaintiff $2,741.25 during this workweek.

- During the workweek ending on July 23, 2023, Plaintiff worked 71.50 hours, 31.50 of which were overtime hours, earning $2,145.00 in wages, and an additional $472.50 in overtime premium compensation. During this workweek, Defendants paid Plaintiff $0.00. Defendants failed to pay Plaintiff $2,617.50 during this workweek.

- During the workweek ending on July 30, 2023, Plaintiff worked 84.00 hours, 44.00 of which were overtime hours, earning $2,520.00 in wages, and an additional $660.00 in

overtime premium compensation. During this workweek, Defendants paid Plaintiff $1,000.00. Defendants failed to pay Plaintiff $2,180.00 during this workweek.

- During the workweek ending on August 6, 2023, Plaintiff worked 81.50 hours, 41.50 of which were overtime hours, earning $2,445.00 in wages, and an additional $622.50 in overtime premium compensation. During this workweek, Defendants paid Plaintiff $0.00. Defendants failed to pay Plaintiff $3,067.50 during this workweek.

- During the workweek ending on August 13, 2023, Plaintiff worked 63.75 hours, 23.75 of which were overtime hours, earning $1,912.50 in wages, and an additional $356.25 in overtime premium compensation. During this workweek, Defendants paid Plaintiff $0.00. Defendants failed to pay Plaintiff $2,268.75 during this workweek.

- During the workweek ending on August 20, 2023, Plaintiff worked 48.50 hours, 8.50 of which were overtime hours, earning $1,455.00 in wages, and an additional $127.50 in overtime premium compensation. During this workweek, Defendants paid Plaintiff $0.00. Defendants failed to pay Plaintiff $1,582.50 during this workweek.

- During the workweek ending on August 27, 2023, Plaintiff worked 4.00 hours, earning $120.00 in wages. During this workweek, Defendants paid Plaintiff $0.00. Defendants failed to pay Plaintiff $120.00 during this workweek. ECF No. 25 at 1–2.

As the above summary indicates, Defendants paid Plaintiff only once, in the total amount of $1,000.00, during his fifth workweek. *See also* ECF No. 25 at 2. Of the 41 days that Plaintiff did landscaping work for Defendants during the above-summarized nine workweeks, 34 of those days involved duties performed in Illinois. *Id.* at 2–4. Twenty-five of those days involved duties performed exclusively in Illinois. *Id.* Plaintiff worked in Illinois during every single workweek except for his ninth workweek, during which he worked only four hours entirely in Wisconsin. *Id.*

4.    ANALYSIS

    4.1    **Jurisdiction**

    "Before the court can consider entering judgment, . . . it must be satisfied that subject matter jurisdiction exists over this lawsuit." *Abele v. Abele*, No. 21-CV-370-WMC, 2021 WL 3190391, at *1 (W.D. Wis. July 28, 2021) (citing *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit.")). Subject-matter jurisdiction exists in this case. Plaintiff sues under the FLSA and therefore invokes federal question jurisdiction. The Court has supplemental jurisdiction over the related state law claims. 28 U.S.C. § 1367(a).

    The Court is also satisfied that it has personal jurisdiction over Defendants. *See e360 Insight,* 500 F.3d at 598 (7th Cir. 2007) ("Default judgments rendered without personal jurisdiction are void . . . .") (collecting cases). Defendants were served by publication in Wisconsin. ECF Nos. 18, 19, 20, 22. Trifecta is registered in Wisconsin and purposefully and consistently conducts business in Wisconsin, including the conduct alleged in this suit. Alioto resides in Wisconsin and also purposefully and consistently conducts business in Wisconsin, including the conduct alleged in this suit.

    Accordingly, the Court may exercise personal jurisdiction over Defendants. *See Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 393 (7th Cir. 2020) ("In a case involving federal question jurisdiction, 'a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant.'") (quoting *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)); Wis. Stat.

§ 801.05(1) (Wisconsin courts have jurisdiction over persons present in Wisconsin when served, persons domiciled within the state, domestic limited liability companies, or persons or companies who engage in substantial activities within Wisconsin).

### 4.2 Plaintiff's Entitlement to Relief

As pertinent to the instant motion, *see supra* note 1, Plaintiff brings eight claims against Defendants: (1) failure to pay minimum wages in violation of the FLSA; (2) failure to pay overtime wages in violation of the FLSA; (3) failure to pay minimum wages in violation of Wisconsin law; (4) failure to pay overtime wages in violation of Wisconsin law; (5) failure to pay agreed-upon wages in violation of Wisconsin law;[3] (6) failure to pay minimum wages in violation of Illinois law; (7) failure to pay overtime wages in violation of Illinois law; and (8) failure to pay agreed-upon wages in violation of Illinois law. ECF No. 1 at 5–11.

As noted, the Court takes the above factual allegations set forth in the complaint relating to liability as true. *VLM Food*, 811 F.3d at 255. However, the Court still must determine whether those facts establish that Plaintiff is entitled to relief. *Cree*, 335 F. Supp. 3d at 1111. For the reasons explained below, the Court determines that Plaintiff is entitled to relief on all the claims for which he has moved for default judgment.

### 4.2.1 FLSA Claims

The FLSA requires employers to pay hourly employees engaged in commerce a minimum wage of at least $7.25 per hour. 29 U.S.C.

---

[3] The "header" for this cause of action describes it as a second overtime claim, however, the substance of the allegations makes clear that it is a separate, standalone claim for failure to pay agreed-upon wages under Wis. Stat. § 109.03. ECF No. 1 at 9; *see also* ECF No. 24 at 5.

§ 206(a)(1)(C). The FLSA also requires employers to pay hourly employees engaged in commerce at a rate of at least one and one-half times their regular rate of pay for each hour worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

"[A] plaintiff alleging a federal minimum wage violation must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid." *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and Fed. R. Civ. P. 8(a)(2)). This means that Plaintiff must plausibly allege "one workweek for which the compensation [he] received, divided by [his] total compensable time, failed to meet the FLSA minimum wage of $7.25 per hour." *Hirst v. SkyWest, Inc.*, 283 F. Supp. 3d 684, 691 (N.D. Ill. 2017) (quoting *Hirst v. SkyWest, Inc.*, No. 15 C 02036, 2016 WL 2986978, at *6 (N.D. Ill. May 24, 2016)), *rev'd in part on other grounds*, 910 F.3d 961. Similarly, for FLSA overtime claims, "the plaintiff states a claim for relief if []he alleges that []he was owed time-and-a-half for overtime work but did not receive it." *Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 639 (7th Cir. 2022).

Plaintiff was an employee and Defendants were employers as defined in the FLSA. 29 U.S.C. § 203(d), (e). During each of the nine workweeks that Plaintiff performed landscaping duties for Defendants, he worked, respectively: 39.5 hours (week 1); 37.75 hours (week 2); 74.25 hours (week 3); 71.50 hours (week 4); 84.00 hours (week 5); 81.50 hours (week 6); 63.75 hours (week 7); 48.50 hours (week 8); and 4.00 hours (week 9). For the duration of his employment with Defendants, Plaintiff received only a one-time payment of $1,000 during his fifth workweek. Plaintiff received no other wages, and he did not receive time-and-a-half for overtime work

during the weeks in which he worked over 40 hours. He has thus established his entitlement to relief for minimum wage and overtime violations of the FLSA during these nine workweeks.

As to whether Plaintiff may pursue his FLSA claims against both Alioto and Trifecta, an individual's "position as [an LLC's] sole owner and president coupled with his extensive oversight of [the LLC's] operations show that the economic reality of the working relationship . . . supports individual liability." *Perez v. Super Maid, LLC*, 55 F. Supp. 3d 1065, 1075 (N.D. Ill. 2014). Pertinent factors include responsibility for day-to-day operations of the business, including paying employees, oversight of pay and employment records, and calculating pay due. *Id.*; *see also Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987) (the FLSA permits naming another employee defendant who provided "supervisory authority" over employee and whole or part responsibility for alleged violation) (citing 29 U.S.C. § 203(d)).

Plaintiff has met these standards. Plaintiff alleges that Alioto is the owner and registered agent of Trifecta and, at all times relevant, controlled when Plaintiff was paid and how much he was paid. Plaintiff also alleges that Alioto exerted control over Trifecta's human resources and compensation practices, and that Alioto determined the rates and methods of Plaintiff's compensation. Plaintiff has thus established that Alioto and Trifecta are liable jointly and severally for their minimum wage and overtime violations of the FLSA.

### 4.2.2 Wisconsin Law Claims

Like the FLSA, Wisconsin law requires employers to pay employees a minimum wage of at least $7.25 per hour, Wis. Stat. §§ 104.02, 104.035(1)(a), and overtime wages of one and one-half times their regular

rate of pay for each hour worked over forty in a workweek, Wis. Admin Code DWD § 274.03. Wisconsin law also requires employers to pay employees their agreed-upon wages for all hours worked. Wis. Stat. § 109.03(1), (5).

As with FLSA minimum wage violations, to establish his entitlement to relief for Wisconsin minimum wage violations, Plaintiff must "plead facts showing it is plausible that he was an employee protected by these . . . minimum wage provisions and that he was not paid the Wisconsin minimum wage during at least one workweek." *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 673 (7th Cir. 2022) (citing Wis. Stat. § 104.02 and *Twombly*, 550 U.S. at 570). Similarly, to establish his entitlement to relief for Wisconsin overtime violations, Plaintiff must plead facts establishing that he worked over forty hours in a workweek but nonetheless received the same base rate of pay for those hours. *See Hussein v. Jun-Yan, LLC*, 502 F. Supp. 3d 1366, 1373 (E.D. Wis. 2020) (citing 29 U.S.C. § 207(a)(1), Wis. Stat. § 103.02, and Wis. Admin. Code DWD § 274.03). Finally, to establish his entitlement to relief for failure to pay agreed-upon wages, Plaintiff must plead facts establishing that Defendants did not pay him all wages "owed to [hi]m within a certain period of time," as set by statute. *Dauska v. Green Bay Packaging Inc.*, No. 12-C-925, 2014 WL 3843547, at *15 (E.D. Wis. Aug. 5, 2014) (citing Wis. Stat. § 109.03). As to Plaintiff, that period is 31 days, as he does not meet any of the statutory exclusions to this required frequency of wage payments. Wis. Stat. § 109.03(1).

The Court begins by parsing the issue of whether Plaintiff is an "employee" and Defendants are "employers" under Wisconsin law. Although Plaintiff pleads these facts, and the Court takes them as true on a motion for default judgment, *see supra* Section 2, the Court will nonetheless

independently inquire into the legal issue. The Court does so as to the state law claims[4] because when a plaintiff seeks to recover under one state's wage laws, but worked in multiple states, the Court must conduct an independent inquiry to ensure that he may recover under his desired body of state law for all hours worked—even those worked in other states. *See, e.g.*, *Williams v. TopHat Logistical Sols., LLC*, No. 23 C 1573, 2023 WL 8190366, at *5 (N.D. Ill. Nov. 27, 2023) (considering extraterritorial application of Illinois wage law); *Hirst v. Skywest, Inc.*, No. 15 C 02036, 2022 WL 3999701, at *7 (N.D. Ill. Aug. 31, 2022) (considering extraterritorial application of California wage law); *Teed v. JT Packard & Assocs., Inc.*, No. 08-CV-303-BBC, 2008 WL 4534355, at *2 (W.D. Wis. Oct. 3, 2008) (considering extraterritorial application of Wisconsin wage law).[5]

For purposes of Plaintiff's minimum wage claim, Wisconsin law defines an "employee" as "every individual who is in receipt of or is entitled to any compensation for labor performed for any employer," subject to certain statutory exclusions that are inapplicable here. Wis. Stat. § 104.01(2)(a). An "employer" is defined, as pertinent here, as "every person, firm or corporation, agent, manager, representative, contractor, subcontractor or principal, or other person having control or direction of

---

[4]"[T]he FLSA does not preempt the field of wage and hour regulation . . . ." *Barragan v. Evanger's Dog & Cat Food Co.*, 259 F.R.D. 330, 335 (N.D. Ill. 2009) (citing *Hernandez v. Gatto Indus. Platers, Inc.*, No. 08 CV 2622, 2009 WL 1173327, at *3 (N.D. Ill. Apr. 28, 2009)); *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 589 F. Supp. 2d 1026, 1031 (E.D. Wis. 2008) (same).

[5]The Court would be remiss not to note that Plaintiff's counsel failed to brief the issue of extraterritorial application of Wisconsin's and Illinois's wage laws in the motion for default judgment. The Court understands that Plaintiff's counsel may have been trying to keep fees and costs down with their work product, but just because an action is at the default judgment juncture does not mean that a movant can avoid dotting the i's and crossing the t's.

any person employed at any labor or responsible directly or indirectly for the wages of another." Wis. Stat. § 104.01(3)(a).

For purposes of Plaintiff's overtime claim, Wisconsin law defines an "employee" as "any person who may be required or directed by any employer, in consideration of direct or indirect gain or profit, to engage in any employment, or to go or work or be at any time in any place of employment." Wis. Stat. § 103.001(5). An "employer" is defined as "any person, firm, corporation, state, county, town, city, village, school district, sewer district, drainage district, long-term care district and other public or quasi-public corporations as well as any agent, manager, representative or other person having control or custody of any employment, place of employment or of any employee." Wis. Stat. § 103.001(6).

For purposes of Plaintiff's failure to pay agreed-upon wages claim, Wisconsin law defines an "employee" as "any person employed by an employer," subject to certain statutory exclusions that are inapplicable here. Wis. Stat. § 109.01(1r). An "employer" is defined, as pertinent here, as "any person engaged in any activity, enterprise or business employing one or more persons within the state." Wis. Stat. § 109.01(2).

Although Plaintiff performed the majority of his landscaping duties for Defendants in Illinois, at the default judgment juncture and without the benefit of a response from Defendants, Plaintiff has established that he is an "employee" and Defendants are "employers" under Wisconsin's wage laws such that he may invoke their protections even for work performed outside of Wisconsin.

Specifically, while Plaintiff "worked outside the state of Wisconsin during his employment," "the statute does not expressly limit its coverage to in-state employees . . . ." *Teed*, 2008 WL 4534355, at *2 (citing *Simpson v.*

*Nickel*, 450 F.3d 303, 305 (7th Cir. 2006)). The pertinent definitions in chapters 103 and 104 of the Wisconsin Statutes do not "address[] the geographical scope of the minimum wage provision." *Hirst*, 2022 WL 3999701, at *8. Analyzing nearly identical, broad language in a California statute, the Northern District of Illinois held in *Hirst* that the California statute "*could* be construed to apply to California-based plaintiffs' work out of state," absent conflicts-of-laws issues with "other states that may also claim an interest in the welfare of those workers." *Id.* (citing *Sullivan v. Oracle Corp.*, 254 P.3d 237, 244 (Cal. 2011) ("to the extent other states have legitimate interests in applying their own wage laws to their own residents for work performed in California, the applicable conflict-of-laws analysis takes those interests into account")).

The Court concludes the same as to Plaintiff: a Wisconsin-based plaintiff employed by a Wisconsin employer who performed work out of state. *See Teed*, 2008 WL 4534355, at *2 (holding, as to question of extraterritorial application of Wisconsin wage law, that "[b]ecause the statutes are silent on the question of whether an employee must be employed in Wisconsin, plaintiff was not required to allege this fact to state a claim"). Similarly, the pertinent definition in chapter 109 of the Wisconsin Statutes only requires that the plaintiff allege that his employer employs persons within the state of Wisconsin. *Id.* (citing Wis. Stat. § 109.01(2)). Plaintiff has done so, which is sufficient to invoke the protections of Wisconsin wage law. *Id.*

Thus, for the same reasons set forth above as to his FLSA claims, Plaintiff has established his entitlement to relief for violations of Wisconsin's minimum and overtime wage laws. He has also established his entitlement to relief for violations of § 109.03 because more than 31 days

Case 2:23-cv-01415-JPS   Filed 06/27/24   Page 14 of 28   Document 27

have passed since his last workweek, and he has not received anything other than an isolated payment of $1,000.00, let alone his agreed-upon wages for all hours worked.

Further, and also like the FLSA, under Wisconsin law, an individual employer may be jointly and severally liable with a company employer if the individual employer had a "right to control the manner and conduct of the [employee's] work." *Brant*, 43 F.4th at 674 (footnote omitted); *see also Montana v. JTK Restorations, LLC*, No. 14-C-487, 2015 WL 5444945, at *2 (E.D. Wis. Sept. 14, 2015) (explaining the defendants' concession as to joint and several liability under Wisconsin law). Thus, for the same reasons set forth as to his FLSA claims, Plaintiff has established that Alioto and Trifecta are liable jointly and severally for their violations of Wisconsin wage law.

### 4.2.3 Illinois Law Claims

During the relevant period and subject to statutory exclusions inapplicable here, Illinois law required employers to pay employees a minimum wage of at least $13.00 per hour, 820 Ill. Comp. Stat. Ann. 105/4(a)(1), and overtime wages of one and one-half times their regular rate of pay for each hour worked over forty in a workweek, 820 Ill. Comp. Stat. Ann. 105/4a(1). Illinois law also requires employers to pay employees agreed-upon wages for all hours worked. 820 Ill. Comp. Stat. Ann. 115/3–4.

As with the FLSA and Wisconsin minimum wage claims, to establish his entitlement to relief for Illinois minimum wage violations, Plaintiff must "allege[] facts indicating that [Defendants] paid [hi]m less than the minimum wage on average in any workweek." *Hirst*, 2022 WL 3999701, at *2 (citing *Hirst*, 2016 WL 2986978, at *6). Similarly, to establish his entitlement to relief for Illinois overtime violations, Plaintiff must plead facts establishing that he "worked more than 40 hours a week *in Illinois* and

Case 2:23-cv-01415-JPS   Filed 06/27/24   Page 15 of 28   Document 27

w[as] not compensated at a time-and-a-half rate." *Id.* (collecting cases). As discussed further below, pleading that "a substantial part of the acts and omissions giving rise to Plaintiff's claims" occurred in Illinois sufficiently satisfies this requirement. *Dobrov v. Hi-Tech Paintless Dent Repair, Inc.*, No. 1:20-CV-00314, 2021 WL 1212796, at *5 (N.D. Ill. Mar. 31, 2021) (quotation omitted). Finally, to establish his entitlement to relief for failure to pay agreed-upon wages, Plaintiff must "show that wages or compensation are due under a valid contract or agreement," but were not paid within the time specified by the statute. *Cho v. Maru Rest., Inc.*, 194 F. Supp. 3d 700, 705 (N.D. Ill. 2016) (citing *Gallardo v. Scott Byron & Co.*, No. 12 C 7202, 2014 WL 126085, at *14 (N.D. Ill. Jan. 14, 2014)). The pertinent provisions of the statute specify that for semi-monthly or bi-weekly employees, wages must be paid within 13 days of each pay period, with shorter timelines for employees with weekly or daily pay periods. 820 Ill. Comp. Stat. Ann. 115/3–4.

For the same reasons that it did so as part of its Wisconsin law analysis, the Court must analyze whether Illinois's wage laws apply to Plaintiff: a Wisconsin resident performing substantial work in Illinois for a Wisconsin employer. *See, e.g.*, *Williams*, 2023 WL 8190366, at *5; *Hirst*, 2022 WL 3999701; *Teed*, 2008 WL 4534355, at *2.

For purposes of Plaintiff's minimum wage and overtime claims, Illinois law defines an "employee" as "any individual permitted to work by an employer in an occupation," subject to certain statutory exclusions that Plaintiff pleads are inapplicable here. 820 Ill. Comp. Stat. Ann. 105/3(d); ECF No. 1 at 9. An "employer" is defined as "any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in

relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year." 820 Ill. Comp. Stat. Ann. 105/3(c). The pertinent provisions cover "industries, trades or business, or branches thereof, including offices, mercantile establishments and all other places of employment in the State of Illinois." 820 Ill. Comp. Stat. Ann. 105/2.

For purposes of Plaintiff's failure to pay agreed-upon wages claim, Illinois law defines an "employee" as "any individual permitted to work by an employer in an occupation," subject to statutory exclusions inapplicable here. 820 Ill. Comp. Stat. Ann. 115/2. An "employer" is defined, as pertinent here, as "any individual, partnership, association, corporation, limited liability company, business trust, . . . or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons is gainfully employed." *Id.* The pertinent provisions cover "all employers and employees in this State." 820 Ill. Comp. Stat. Ann. 115/1.

Plaintiff performed the substantial majority of his landscaping duties for Defendants in Illinois. He performed work in Illinois on 34 of the 41 days that he worked for Defendants. He worked exclusively in Illinois on 25 of those days. He worked the majority of his hours in Illinois during each of the workweeks that he alleges he worked over 40 hours in a workweek. Based on these facts, combined with the fact that this case is at the default judgment juncture and the Court lacks the benefit of a response from Defendants, Plaintiff has established that he is an "employee" and that Defendants are "employers" under Illinois's wage laws such that he may invoke their protections.

In order to recover under Illinois's wage laws,[6] a "non-resident employee[] need only plead that [he has] done *some* work for an Illinois employer while physically present in Illinois." *Niiranen v. Carrier One, Inc.*, No. 20-CV-06781, 2022 WL 103722, at *3 (N.D. Ill. Jan. 11, 2022) (citing *Spaulding v. Abbott Lab'ys*, No. 10 C 199, 2010 WL 4822894, at *6 (N.D. Ill. Nov. 22, 2010)) (and distinguishing *Glass*, 133 F.3d 999 on the basis that, there, Illinois wage law did not apply extraterritorially because the plaintiff performed no work in Illinois). Plaintiff is clearly a non-resident employee who has alleged that he has done some work while physically present in Illinois. However, Defendants are not Illinois employers; rather, Trifecta is registered to do business in Wisconsin and Alioto is a resident of Wisconsin.

Nonetheless, Plaintiff pleads, in substance, that "Defendants . . . engaged in the wrongful conduct at issue in [Illinois], and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred within [Illinois]." *Dobrov*, 2021 WL 1212796, at *5 (quotation omitted). Because Illinois courts have explicitly "left open the possibility that a corporation with no headquarters or physical presence in Illinois can still qualify as an 'employer' under" Illinois's wage laws, "some courts have allowed [Illinois wage law] claims against employers that are organized and headquartered in a different state when there are 'allegations of substantial in-state

---

[6]Although the Illinois Minimum Wage Law governs Plaintiff's minimum wage and overtime claims and applies to "places of employment in Illinois," while the Illinois Wage Payment and Collection Act governs Plaintiff's failure to pay agreed-upon wages claim and applies to "all employers and employees in this State," courts analyzing the extraterritoriality of one or both bodies of law refer to decisions on the other body of law interchangeably, and so will the Court. *See, e.g.*, *Hirst*, 2016 WL 2986978, at *8 (citing *Glass v. Kemper Corp.*, 133 F.3d 999, 1000 (7th Cir. 1998)); *Wooley v. Bridgeview Bank Mortg Co., LLC*, No. 14 C 5757, 2015 WL 327357, at *2 (N.D. Ill. Jan. 23, 2015) (citing *Glass*, 133 F.3d at 1000).

activity.'" *Parise v. Integrated Shipping Sols., Inc.*, 292 F. Supp. 3d 801, 806 (N.D. Ill. 2017) (quoting *Elsener v. Brown*, 996 N.E.2d 84, 99 (Ill. Ct. App. 2013) and *Duberville v. WMG, Inc.*, No. 13 C 02061, 2015 WL 186834, at *5 (N.D. Ill. Jan. 13, 2015) and collecting cases); *see also Nathan v. Morgan Stanley Renewable Dev. Fund, LLC*, No. 11 C 2231, 2012 WL 1886440, at *17 (N.D. Ill. May 22, 2012) (same) (collecting cases). To assess whether an out-of-state employer conducts substantial activity in Illinois, courts consider

> whether the employer maintains an office in Illinois that is not temporary or provided solely for the benefit of the plaintiff; markets its services in the state; conducts substantial business activities in the state; is licensed to do business in the state; has a registered agent or bank accounts in the state; or sells products or has projects in the state.

*Parise*, 292 F. Supp. 3d at 807 (collecting cases).

At the default judgment juncture, Plaintiff plausibly pleads that Defendants market their services to customers in Illinois, conduct substantial business in Illinois, and have projects in Illinois. These facts are sufficient for Plaintiff to state his claims under Illinois law such that Plaintiff is entitled to the protections of Illinois's wage laws for all of his work for Defendants—even work that was not performed in Illinois. This is so because allegations of "sufficient activity in Illinois . . . convert [an employer] into an Illinois employer" for purposes of Illinois's wage laws. *Duberville*, 2015 WL 186834, at *6. And again, once an Illinois employer is involved, a plaintiff need only plead that he has done "*some* work" for that employer while physically present in Illinois to recover under Illinois law for all hours worked. *Niiranen*, 2022 WL 103722, at *3 (citing *Spaulding*, 2010 WL 4822894, at *6).

Accordingly, for the same reasons set forth above as to his FLSA and Wisconsin law claims, Plaintiff has established his entitlement to relief for violations of Illinois's minimum and overtime wage laws. He has also established his entitlement to relief for failure to pay agreed-upon wages in violation of 820 Ill. Comp. Stat. Ann. 115/3–4 because more than 13 days have passed since his last workweek, and he has not received anything other than an isolated payment of $1,000.00, let alone his agreed-upon wage for all hours worked.

Further, and also like the FLSA and Wisconsin law, in Illinois, an individual employer may be jointly and severally liable with a company employer if the individual employer had "owned and operated [the company employer]; supervised employees and day-day operations . . . ; and hired and fired employees and set their work schedules." *Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 651 (N.D. Ill. 2007) (citing *Dole v. Simpson*, 784 F. Supp. 538, 545 (S.D. Ind. 1991) and *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2004 WL 1882449, at *4 (N.D. Ill. Aug. 18, 2004)) (as to minimum wage and overtime claims); *Williams v. Merle Pharmacy, Inc.*, No. 15-CV-1262, 2017 WL 3705802, at *12 (C.D. Ill. Aug. 28, 2017) (same as to failure to pay agreed-upon wages claim). Thus, for the same reasons set forth as to his FLSA and Wisconsin law claims, Plaintiff has established that Alioto and Trifecta are liable jointly and severally for their violations of Illinois wage law.

### 4.3 Plaintiff's Damages

Having determined that Plaintiff has established his entitlement to relief on all the claims for which he has moved for default judgment, the Court next turns to whether Plaintiff has adequately proven his damages. For the reasons explained below, the Court determines that he has. The

Court further determines that the amount of Plaintiff's damages is either liquidated or determinable with certainty from Plaintiff's filings, including his declaration, such that the need for a hearing is obviated. *e360 Insight*, 500 F.3d at 602.

### 4.3.1 FLSA Claims

Under the FLSA, an employer who fails to pay the appropriate minimum wages or overtime wages is liable to the affected employee in the amount of the unpaid wages plus an amount equal to those wages as liquidated damages, as well as attorneys' fees and costs. 29 U.S.C. § 216(b). Defendants have defaulted, and so they "never produced [Plaintiff's] time or pay records" in this action. *Long v. Morgan*, 451 F. Supp. 3d 830, 833 (M.D. Tenn. 2020). Plaintiff claims that Defendants never produced accurate time and payroll records to him, and that Defendants failed even to maintain any kind of recordkeeping system. ECF No. 24 at 11–12. Thus, he relies on his recollections of his hours worked, and he submits a detailed declaration to support those recollections and the allegations in the complaint. *Id.*; ECF No. 25.

Under these circumstances, Plaintiff's declaration and damages calculations are "sufficient evidence to show the amount and extent of [his] work as a matter of just and reasonable inference." *Long*, 451 F. Supp. 3d at 833 (quoting *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398–99 (6th Cir. 2017)); *see also Melton v. Tippecanoe County*, 838 F.3d 814, 818 (7th Cir. 2016) ("Where the employee alleges that his employer kept inaccurate records, he 'has carried out his burden if he . . . produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'") (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946), *superseded by statute on other grounds as stated in Integrity Staffing*

*Sols. v. Busk*, 574 U.S. 27 (2014)); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 42–43 (E.D.N.Y. 2015) (the defendants' default "exacerbate[s]" their failure to maintain accurate pay records, lending credibility to and rendering sufficient the plaintiffs' affidavits and damages estimates); *Champion v. Phaselink Util. Sols., LLC*, No. SA-22-CV-00145-JKP, 2022 WL 3693461, at *8 (W.D. Tex. Aug. 24, 2022) ("Because [the defendant] failed to participate in the case and is likely in possession of the payroll and personnel records necessary to calculate [the plaintiff's] damages with certainty, courts have found similar declarations by plaintiffs in FLSA actions sufficient proof to establish damages for uncompensated overtime.") (collecting cases).

Thus, the Court will "calculate Plaintiff['s] damages based on [his] unopposed sworn declaration[]," within which the Court has found no discrepancies. *Long*, 451 F. Supp. 3d at 834. "[A]dditional proof of damages [is] unnecessary with respect to . . . liquidated damages," and so the Court will calculate liquidated damages based on the declarations as well. *Dundee Cement*, 722 F.2d at 1323–24.

For the nine workweeks that Plaintiff was employed by Defendants—or in other words, the period between June 28, 2023 and August 27, 2023—Plaintiff is entitled to $3,556.82 in unpaid minimum and overtime wages and $3,556.82 in liquidated damages, as well as an award of attorneys' fees and costs, under the FLSA. ECF No. 25; ECF No. 24 at 13 (workweeks chart with calculations); 29 U.S.C. § 216(b).

### 4.3.2   Wisconsin Law Claims

Under Wisconsin law, an employer who fails to pay the appropriate minimum wages, overtime wages, or agreed-upon wages is liable to the affected employee in the amount of the unpaid wages, in addition to up to

Case 2:23-cv-01415-JPS   Filed 06/27/24   Page 22 of 28   Document 27

fifty percent of the unpaid wages as civil penalties, as well as attorneys' fees and costs. Wis. Stat. §§ 109.03(5)–(6), 109.11(2)(a). As to state law wage claims, like in the FLSA context, when the defendant is in default and the plaintiff claims that the defendant has not produced or maintained accurate pay records, courts have found a plaintiff's own recollections and damages estimates sufficient evidence of the amount and extent of the work done and harm suffered. *See, e.g.*, *Fermin*, 93 F. Supp. 3d at 42–43; *see also Serrano v. Chicken-Out Inc.*, 209 F. Supp. 3d 179, 187 (D.D.C. 2016); *Santillan v. Henao*, 822 F. Supp. 2d 284, 293 (E.D.N.Y. 2011).

Thus, as with Plaintiff's FLSA claims, the Court will calculate Plaintiff's damages based on his declaration, within which the Court has found no discrepancies. The Court will base its calculation of civil penalties off the declaration as well. *See Dundee Cement*, 722 F.2d at 1323–24.

For the nine workweeks that Plaintiff was employed by Defendants—or in other words, the period between June 28, 2023 and August 27, 2023—Plaintiff is entitled to $16,895.00 in unpaid minimum and overtime wages and $8,447.50 in civil penalties, as well as an award of attorneys' fees and costs, under Wisconsin law. ECF No. 25; ECF No. 24 at 13 (workweeks chart with calculations); Wis. Stat. § 109.03(6).

### 4.3.3    Illinois Law Claims

Under Illinois law, when an employer fails to pay the appropriate minimum wages or overtime wages, the employee "may recover in a civil action treble the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 Ill. Comp. Stat. Ann. 105/12(a). For failure to pay agreed-upon

wages, the employee is "entitled to recover through . . . a civil action . . . the amount of any such underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid," together with "costs and all reasonable attorney's fees." 820 Ill. Comp. Stat. Ann. 115/14(a).

As with Plaintiff's FLSA and Wisconsin law claims, the Court finds—based on Defendants' failure to produce or maintain accurate pay records—that Plaintiff's own recollections and damages estimates are sufficient evidence of the amount and extent of the work done and harm suffered. *See, e.g., Fermin*, 93 F. Supp. 3d at 42–43; *see also Serrano*, 209 F. Supp. 3d at 187; *Santillan*, 822 F. Supp. 2d at 293. Thus, the Court will calculate Plaintiff's damages based on his declaration, within which the Court has found no discrepancies. The Court will base its calculation of treble and additional damages (based on the number of months of nonpayment) off the declaration as well. *See Dundee Cement*, 722 F.2d at 1323–24.

For the nine workweeks that Plaintiff was employed by Defendants—or in other words, the period between June 28, 2023 and August 27, 2023—Plaintiff is entitled to $16,895.00 in unpaid minimum and overtime wages, $8,257.50 in treble damages, $8,095.56 in additional damages, as well as an award of attorneys' fees and costs, under Illinois law. ECF No. 25; ECF No. 24 at 14 (workweeks chart with calculations); 820 Ill. Comp. Stat. Ann. 105/12(a); 820 Ill. Comp. Stat. Ann. 115/14(a).

### 4.3.4 Double Recovery

Plaintiff concedes that recovering under each of the FLSA, Wisconsin law, and Illinois law would constitute an impermissible double recovery. ECF No. 24 at 14–15. He requests instead that the Court award him

"damages under the statutory scheme that results in the highest recovery," as other courts in this circuit have done in similar circumstances. *Id.* at 14 (citing *Triblett v. Arora*, No. 23-CV-993-JPS, 2024 WL 865802, at *8–9 (E.D. Wis. Feb. 29, 2024); *Bos-Star Inc.*, 2020 U.S. Dist. LEXIS 8354, at *8; and *Villanueva*, 2010 WL 1577277, at *5). Here, Illinois law will afford Plaintiff the highest recovery. *Id.* at 14–15.

The Court earlier alluded to a potential conflicts-of-laws issue with applying Illinois law over Wisconsin law. *See supra* Section 4.2.2 (citing *Hirst*, 2022 WL 3999701, at *8). However, Plaintiff "does not treat this as a conflicts issue," nor "does [he] suggest that [Wisconsin's] interests should be considered." *Hirst*, 2022 WL 3999701, at *8. The Court believes that the issue is more appropriately analyzed under the highest recovery lens than the conflict-of-laws lens because it has already concluded that Plaintiff could recover under either Wisconsin or Illinois law.

In any event, even if the Court did conduct a conflicts-of-laws analysis, the result would be the same. "Federal courts apply the conflicts of laws rules of the states in which they sit—thus, this Court applies [Wisconsin] conflict of law rules." *Bland v. Edward D. Jones & Co., L.P.*, No. 18-CV-1832, 2020 WL 1503574, at *14 (N.D. Ill. Mar. 30, 2020) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Under Wisconsin conflict of law rules, where (as here) the laws of two states are different, "[t]he law of the forum presumptively applies 'unless it becomes clear that nonforum contacts are of the greater significance.'" *Story as Tr. for Story v. Marquette Univ.*, No. 23-CV-0458, 2024 WL 1340993, at *3 (E.D. Wis. Mar. 29, 2024) (quoting *Drinkwater v. Am. Fam. Mut. Ins. Co.*, 714 N.W.2d 568, 576 (Wis. 2006)). Here, the substantial majority of Plaintiff's injuries and the parties' employment relationship occurred in Illinois; therefore, Illinois law

would apply under the conflicts-of-laws analysis, as well. *Id.* (citing Restatement (Second) of Conflict of Laws § 145(2) (1971) as to the factors for determining "which state has the more significant contacts").

Thus, the Court will grant Plaintiff's request and award Plaintiff the amount of his maximum recovery under Illinois law. Specifically, the Court will enter default judgment in favor of Plaintiff and against Trifecta and Alioto, jointly and severally, in the total amount of $33,248.06 in unpaid minimum, overtime, and agreed-upon wages, as well as treble damages and additional damages based on the number of months of underpayment, under Illinois law.

### 4.4    Attorneys' Fees and Costs

The Court having determined that Plaintiff is entitled to attorneys' fees and costs pursuant to Illinois law, 820 Ill. Comp. Stat. Ann. 105/12(a) and 820 Ill. Comp. Stat. Ann. 115/14(a), will order that Plaintiff file his application for attorneys' fees and costs within twenty-one (21) days of this Order, together with a certificate of service on Defendants. Because fees and costs do not affect the substance of the judgment and "may not . . . delay[]" entry of judgment, the Court will order that default judgment be entered simultaneously with this Order. Fed. R. Civ. P. 58(e).

## 5.    CONCLUSION

For all the reasons set forth herein, the Court grants Plaintiff's motion for default judgment. ECF No. 23. The Court will enter default judgment in favor of Plaintiff and against Trifecta and Alioto, jointly and severally, in the total amount of $33,248.06 in unpaid minimum, overtime, and agreed-upon wages, as well as treble damages and additional damages based on the number of months of underpayment, under Illinois law.

Plaintiff shall file his application for attorneys' fees and costs within twenty-one (21) days of this Order.

Accordingly,

**IT IS ORDERED** that Plaintiff Cody Wendt's motion for default judgment, ECF No. 23, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that default judgment be entered in favor of Plaintiff Cody Wendt and against Defendants Trifecta Solutions LLC and Frank D. Alioto, jointly and severally, in the amount of $33,248.06;

**IT IS FURTHER ORDERED** that Plaintiff Cody Wendt **FILE** his application for attorneys' fees and costs within **twenty-one (21) days of this Order**, together with a certificate of service on Defendants Trifecta Solutions LLC and Frank D. Alioto; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter default judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2024.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.